UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>            Plaintiff,<br><br>       v.<br><br>WEST COUNTY DETENTION FACILITY, et al.,<br><br>            Defendants. | Case No.  25-cv-06261-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

# INTRODUCTION

Eric Murillo, a detainee at Martinez Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **January 12, 2026**. Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

# DISCUSSION

A.   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Allegations**

Plaintiff alleges as follows: In January 2025, a deputy flashed his light in Plaintiff's eyes to get another prisoner's attention. (Dkt. No. 1 at 2.) Plaintiff submitted a grievance stating that the flashing of the light was disrespectful, but the grievance response noted that flashlights are used to obtain the attention of inmates. (*Id*. at 3.) Deputies continued to use their flashlights to get Plaintiff's attention. (*Id*.)

In April 2025, Plaintiff submitted two grievances regarding the lack of hot water in the showers, but the situation was not resolved. (*Id*. at 3.) Plaintiff's cell, and the cells of other Hispanics and African Americans were targeted for cell searches. (*Id*.) Plaintiff filed grievances regarding the discriminatory cell searches but was not satisfied with the response. On another day, a deputy yelled at Plaintiff and four other Hispanic inmates to go outside in the rain, because they were blocking the deputy's vision. (*Id*. at 5.) Other inmates were also standing around but were not told anything. Plaintiff filed grievances regarding this incident, but there was no investigation or resolution. (*Id*. at 5-6.) A few days later, several deputies refused Plaintiff an extra blanket, even though he had a medical slip allowing him an extra blanket. (*Id*.

2

at 6.) Plaintiff submitted an Americans with Disabilities Act grievance regarding his blankets, but he was ignored. (*Id*. at 7.)

In May 2025, deputies again flashed their lights in Plaintiff's eyes, he received moldy bread on one occasion, and one day he did not receive his breakfast and lunch. (*Id*. at 7.) His grievances regarding these issues were ignored. (*Id*.) On another occasion, Plaintiff was unfairly disciplined and lost tablet privileges. (*Id*. at 9.) He filed a grievance, and a sergeant yelled at him for filing so many grievances, causing Plaintiff to be frightened. (*Id*.)

C.      Analysis

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

["M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

Plaintiff presents multiple unrelated claims against eleven Defendants. The complaint is dismissed with leave to amend to bring only those claims about a single event or a single set of related events. Other claims may be brought in separate actions. With respect to Plaintiff's allegations that his grievances were not properly addressed, he is informed that there is no

constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). While the underlying allegations may state a federal claim, the processing and responses to the grievances do not state a claim. In an amended complaint, Plaintiff should describe how the specific Defendants violated his rights with respect to his related claims.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **January 12, 2026**. The amended complaint must include the caption and civil case number used in this order (25-6261 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 28, 2025

_____
RITA F. LIN
United States District Judge